Ranney, J.
A reversal of this judgment is urged upon two grounds: 1. The refusal of the court below to give effect to the accord and satisfaction, interposed by way of plea puis darrein continuance ; and 2. In refusing to admit evidence of the general bad character of the prosecuting witness.
1. A moment’s attention to the object and purposes of the proceeding, authorized by the act for the maintenance and support of illegitimate children, will show that no error was committed in sustaining the demurrer to the plea puis darrein. This plea alleged a settlement with the mother of the bastard child, while the cause was pending in the court of common pleas, and the payment to her of the sum agreed to be received in satisfaction. If the suit could be said to be prosecuted for her benefit, and if the remedy was designed to afford her redress, it would seem clear that she could settle the controversy, and effectually bar herself by receiving such satisfaction as she had agreed to accept. But nothing could be further from the purpose of the statute. The law gives *673 her no remedy against her guilty paramour. It regards them as equally in fault, and is only solicitous to provide for the support of the innocent offspring of their guilt. Without the statute, the father could not be reached; his liability is created by the statute, rests upon the moral obligation ]ie is under to support his child; and the whole object of the proceeding is answered when the paternity of the child is judicially ascertained, and this moral duty is enforced in such manner as *to secure the public against the liability of providing for the support of the child. This great leading purpose of the law must be kept constantly in view; and no power in the mother over the proceeding, inconsistent with the right of the child to this support from the father, and consequent indemnity to the public, can be recognized to exist.
In many of the states, begetting a bastard child is made an offense, ■and punished by indictment; but in this state it is not so. The proceeding, here is not strictly civil or criminal. It neither puniishes a crime, nor gives redress for á civil injury. It is simply a ■statutory remedy to enforce a high moral duty; and the moral duty ds enforced to prevent a burden, which ought to rest upon the father, ¡from falling upon the public. It may be instituted on the complaint ■of the mother, or if she neglects it, or fails to prosecute to effect, by :the proper public authorities. At one point in the proceeding a ■settlement may be made. If, when the accused is brought before the justice, he pays or secures to be paid to the complainant, such ■gum of money or property as she may agree to receive in full satisfaction, and shall further give bond that the child shall not become .-a township charge upon any township in this state, the justice is .authorized to discharge him from custody on his paying the costs. But to prevent all imposition, the agreement must be made or acknowledged by both parties, in the presence of the justice, who is ■required to make a memorandum thereof upon his docket. No ■power whatever is given to the complainant to impair the public ■security in this settlement. It can not be made until the accused has given security that the public shall not be burdened with the support of the child. If such security is not given, he must bo bound over; and when recognized, no further power is given to settle or compromise the controversy. If found guilty, he shall bo ■adjudged the reputed father'of the child, and .shall stand charged with the maintenance thereof, in such sum or sums as the court .shall order and direct, with payment of costs of prosecution ; for *674 which he *must give security, or go into custody. It will be observed that no authority is given to take indemnity by bond, to secure the public against the support of the child, after the prosecution leaves the justice. The only indemnity afforded after that time is the sums awarded to be paid, and the stringent modes provided for their enforcement. To allow the complainant to intervene and prevent the recovery, would be to surrender all protection for the public, and to defeat the leading object of the whole statute. We are therefore of opinion, that she has no such interest in the money, required to bo awarded against the reputed father, as to enable her to release his liability before a recovery, or to discharge him from the sum awarded, after the order is made; that the statute definitely appropriates the money to the support of the child, and that it can not be diverted from that purpose. It is ordinarily, and very properly, ordered to be paid’ over to the mother, as she continues burdened with the custody and support of the child; but even this is within the sound discretion of the court, which should be exercised with a view to the best interests of the child, and the consequent protection of the public from being made chargeable with its support.
This construction of the statute is not only strongly supported, but we think necessarily follows, from the decisions made by the Supreme Court, in the cases of State v. Mitchell, Wright, 464, and Hawes v. Cooksey, 13 Ohio, 242.
2. The question of evidence, made by the second assignment, has, since the reservation of this cáse, been decided by us in accordance with the ruling of the court below. We are still satisfied with that decision, and it is now unnecessary to repeat the reasons upon which it was founded.

Judgment affirmed.